E-FILED
Thursday, 18 July, 2019 12:48:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRELL VALENTINO HOLT,<br>   Plaintiff,<br><br>   vs.<br><br>ROBERT HAMILTON and<br>CORRECTIONAL OFFICER GAINES,<br>   Defendants | )<br>)<br>)<br>)  No. 19-4065<br>)<br>)<br>)<br>) |

## MERIT REVIEW ORDER

COLIN S. BRUCE, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, alleges Assistant Warden Robert Hamilton and Officer Gaines violated his constitutional rights at the East Moline Correctional Center. Plaintiff says on July 12, 2018, Inmate DP and two other inmates accused Plaintiff of stealing Inmate DP's property. Plaintiff denied any involvement. Plaintiff says Defendant Gaines escalated the hostility between the inmates when he asked Plaintiff the basis of his criminal conviction. Plaintiff responded "theft," and Defendant Gaines said Plaintiff was likely involved in taking Inmate DP's property.

Plaintiff was housed on a separate unit from Inmate DP and the two other inmates. Plaintiff explains the two units are "separated by two doors that are to be secured at all times." (Comp., p. 6). Nonetheless, Inmate Gaines was observed allowing the three inmates into Plaintiff's living unit later in the day.

Inmate DP and the two inmates approached Plaintiff and asked about the property. Plaintiff claims the inmate's pushed him into a room and assaulted him. The three inmates then returned to their own housing unit.

Plaintiff's attached grievance claims Plaintiff later reported the incident to correctional officers and he was taken to Internal Affairs. Plaintiff was placed in segregation under investigation.

Defendant Assistant Warden Hamilton walked through the segregation unit a few days later on July 15, 2018. Plaintiff says he "was unable to have him stop at my cell door, so I yelled for him once he exited the building through my window…" (Comp., p. 15). Plaintiff first asked the Assistant Warden why he was still in segregation since Plaintiff was the victim of the assault. Defendant Hamilton explained even if Plaintiff did not start the incident and even if Plaintiff struck another inmate in self-defense, Plaintiff would still be guilty of fighting pursuant to Illinois Department of Corrections (IDOC) rules.

Plaintiff next said he needed medical attention, and the Defendant told Plaintiff to submit a sick call request. Plaintiff then admitted he had seen two nurses, but he needed immediate medical attention since he was "unable to move his hand completely." (Comp, p. 9, p. 15). Defendant Assistant Warden Hamilton told Plaintiff if

2

he needed immediate medical attention, he would need to speak with a correctional officer on his unit.

Plaintiff's grievance indicates he was given Tylenol for pain at some unspecified time although he claims it did not help. Plaintiff's hand was x-rayed on July 17, 2018 revealing his thumb was broken. (Comp., p. 16). Plaintiff was taken to an orthopedic surgeon who performed surgery on July 20, 2018. (Comp., p. 22).

Plaintiff has also attached a copy of a disciplinary report issued to the Plaintiff for fighting. (Comp, p. 26). The Internal Affairs investigation indicated Inmate DP snuck into Plaintiff's living unit on July 12, 2018 and confronted Plaintiff about some nude books he believed Plaintiff had stolen. Two confidential informants stated the argument "led to both inmates fighting" inside a cell. (Comp., p. 26). Both inmates exchanged several punches and each inmate was injured. The report also claims the Plaintiff admitted fighting with Inmate DP. There is no mention of any other inmates involved in the incident.

Plaintiff was found guilty of fighting and received one month of c-grade status as well as one month in segregation. It is not clear if Plaintiff also lost good time credits. (Comp., p. 13, 18).

Plaintiff has articulated a failure to protect claim against Defendant Correctional Officer Gaines. While the Disciplinary Report states Inmate DP snuck onto Plaintiff's housing unit, Plaintiff claims he can demonstrate the Defendant intentionally allowed Inmate DP and two others into his housing unit. Plaintiff has attached affidavits from two witnesses to support his claim. (Comp., p. 20, 21).

3

Plaintiff has not clearly articulated a claim against Defendant Assistant Warden Hamilton. Plaintiff does not allege the Defendant was personally involved in writing the disciplinary ticket or the finding of guilt. More important, while Plaintiff disagrees with the IDOC policy concerning fighting, two confidential sources indicated Plaintiff threw punches at Inmate DP and both inmates were injured. Plaintiff has not alleged a violation of his due process rights, nor a violation of any other constitutional right.

In addition, Plaintiff has not articulated a claim based on deliberate indifference to a serious medical condition against the Defendant Hamilton. Plaintiff admits he was yelling to the Defendant from his window after the Defendant had exited the building. Therefore, Plaintiff does not claim Defendant Hamilton could see his injury. The Assistant Warden was not responsible for providing medical care, nor does Plaintiff allege Defendant Hamilton would provide medical care. Furthermore, Plaintiff admits he told Defendant Hamilton he had already seen two nurses. In addition, the Defendant did not prevent Plaintiff from receiving care, but instead told Plaintiff how to request sick call or immediate medical attention. The fact that Plaintiff chose to yell from his window to the Assistant Warden who was outside the building does not make the Defendant liable for problems with his medical care. *See Burks v. Raemisch,* 555 F.3d 592, 595 (7th Cir.2009)("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job… Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.").

Defendant Gaines and Hamilton are the only two individuals named as Defendants, and Plaintiff has not included any other allegations in the body of his complaint.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges East Moline Correctional Center Officer Gaines failed to protect him from an inmate assault when he intentionally allowed unapproved inmates into Plaintiff's housing unit on July 12, 2018 when Defendant Gaines knew the inmates had a verbal dispute with Plaintiff earlier that day. The claims are stated against the Defendant in his individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendant by mailing the Defendant a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry

of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on

Defendant pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendant's counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel**.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Assistant Warden Hamilton for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motion for status update as moot, [5];  3) Attempt service on Defendant pursuant to the standard procedures; 4) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 5) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 18th day of July, 2019.

                                                             s/ Colin S. Bruce
                         _____
                                               COLIN S. BRUCE
                                   UNITED STATES DISTRICT JUDGE